478 P.2d 513

**STATE of Arizona, Appellee,**

v.

**Freddie Joe PEREZ, Appellant.**

**No. 2058.**

Supreme Court of Arizona,
In Banc.

Dec. 31, 1970.

———◆———

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Chief Justice.

This is a delayed appeal from defendant's conviction in 1968, of the crime of first degree burglary.

The facts indicate that he and one Grajiola were drinking together in a bar. At about 2:30 A. M. after they had left the bar, a "silent" alarm was tripped in Clark Johnson's stereo shop. The central head- quarters of the company where the alarm sounded, called the police who went at once to the scene. There they found the store's rear door forcibly opened with a tire iron, the burglar alarm ripped from the wall and the wires pulled from it, and defendant and Grajiola inside the store. Each had removed his socks and put them over his hands to serve as gloves. The cash register had been removed from the counter to the floor behind it, where the two men were kneeling beside it. They were hand- cuffed and searched, and some of the pro- prietor's property from the cash register was found in the pockets of each defend- ant.

The officers testified that although they smelled liquor on the men's breath, neither appeared to be intoxicated.

Before the trial, defense counsel (who was appointed to defend both men) moved to sever the trial on the ground that there was a conflict of interest. Defendant Perez had a prior conviction; defendant Grajiola did not. Counsel wished to use Grajiola as a witness in his own behalf, but felt that this would prejudice Perez in the eyes of the jury unless he also took the stand, in which case his prior conviction would also leave a bad impression. How- ever, in reviewing the evidence, we find that both defendants did testify and that their defense was that they were too drunk to remember anything that they did from the time they left the bar until they awak- ened about noon in jail.

■ The only real issue was whether they were sober enough to have the intent to steal, and there was no real conflict of interest between them. Therefore, the trial court's ruling denying a severance was not error.

■ Defendant, in his brief, raises a second issue—namely that the trial court failed to give an instruction on circum- stantial evidence. Formerly this was re- versible error. However, in State v. Har- vill, 106 Ariz. 386, 476 P.2d 841 (11–16–70)

we repealed that rule, and the instruction is no longer proper.

Affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.